Submitted on remand from the Oregon Supreme Court November 21, 2019, affirmed October 7, 2020, petition for review denied February 19, 2021 (367 Or 559)

In the Matter of the Compensation of
Mary K. Meyers, Claimant.

Michelle RANDALL,
Personal Representative of
the Estate of Mary K. Meyers,
*Petitioner,*

*v.*

SAIF CORPORATION
and Jadent Incorporated,
*Respondents.*

Workers' Compensation Board
1303794; A160626

476 P3d 98

The Supreme Court remanded this workers' compensation case to the Court of Appeals for reconsideration in light of *Gadalean v. SAIF*, 364 Or 707, 439 P3d 965 (2019). In its original opinion, *Meyers v. SAIF*, 291 Or App 331, 336-37, 420 P3d 28 (2018), *vac'd sub nom Randal v. SAIF*, 365 Or 657, 451 P3d 610 (2019), the Court of Appeals held that, claimant, who was injured on employer's premises on her way to a paid training that was to be preceded by a mere formality of an unpaid "orientation" involving the completion of paperwork, was entitled to workers' compensation benefits. In *Gadalean*, the Supreme Court held that, under the workers' compensation law, a "worker" is a person who takes on an obligation to provide services with a reasonable expectation of remuneration. *Held*: At the time claimant arrived for the unpaid orientation, she had a reasonable expectation that she would be paid for the training. Thus, claimant was a "worker" under the Supreme Court's holding in *Gadalean*, and that case does not require a change in the court's disposition.

Affirmed.

On remand from the Oregon Supreme Court, *Randall v. SAIF*, 365 Or 657, 451 P3d 610 (2019).

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Beth Cupani argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Lagesen, Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

The Supreme Court has remanded this workers' compensation case to us for reconsideration of our opinion in *Meyers v. SAIF*, 291 Or App 331, 336-37, 420 P3d 28 (2018),[1] in light of the Supreme Court's recent opinion in *Gadalean v. SAIF*, 364 Or 707, 439 P3d 965 (2019). We have reconsidered our opinion and adhere to it.

Claimant came to employer's office with the understanding that she would engage in a brief unpaid orientation involving the completion of paperwork and would then begin a paid training for a position as a telemarketer. *Meyers*, 291 Or App at 332. She was injured when she was hit by a door in a stairwell of employer's office and fell while on her way to the unpaid orientation. The board found that claimant had been invited by employer to attend the orientation *and* the paid training but that her hiring was contingent on her completion of paperwork at the orientation. Although the board found that, "more than likely," claimant would have been hired after the orientation had she not been injured, the board reasoned that, at the time of her injury, claimant had not yet been hired for remuneration, even though she understood that she would be engaging in the training and had an expectation that she would be paid. The board concluded that claimant was not a worker at the time of her injury. *Id*. at 333-34.

Given the board's findings, we held that they required the conclusion that the unpaid orientation was a mere formality, rather than a hurdle that claimant had to overcome to participate in the paid training. We reversed the board, holding that the board's conclusion that claimant did not have a reasonable expectation at the time of her injury that she would be paid for her services was not supported by substantial evidence or substantial reason. *Id*. at 336-37.

The facts of the Supreme Court's opinion in *Gadalean* are quite different. There, the claimant was injured during a pre-employment drive test. The employer had not made

---

[1] We note that, since our original opinion, the worker has died, and the personal representative of the worker's estate has been substituted as claimant.

an offer of remuneration for the drive test. 364 Or at 713. The board rejected the claimant's contention that, at the time of his injury, he was a "worker" within the meaning of ORS 656.005(30) (defining "worker" as "any person *** who engages to furnish services for a remuneration"). We reversed the board, holding that Oregon's minimum wage laws would have entitled the claimant to be paid for the drive test and, therefore, he was a worker within the meaning of the workers' compensation statute. *Gadalean v. SAIF*, 286 Or App 227, 398 P3d 503 (2017). The Supreme Court reversed, holding that, when an employer does not offer to pay a putative employee for services, the person is not a worker under the workers' compensation laws. *Gadalean*, 364 Or at 722. The court held that a "worker," within the meaning of ORS 656.005(30), is a person who takes on an obligation to provide services with a reasonable expectation of remuneration. *Id.* at 721-22. Because the court held that the claimant in *Gadalean* had not established a reasonable expectation of remuneration at the time he was injured during a test delivery for the employer, the court said that it did not need to decide whether, once a worker has taken on an obligation to provide services for remuneration, an injury sustained prior to the start of remunerable duties might be compensable. *Id.* at 718 n 5.

Now we are asked to reconsider our holding in *Meyers*, specifically in light of the Supreme Court's holding in *Gadalean* that, at the time of an injury, a worker must have engaged to furnish services with a reasonable expectation of remuneration. Unlike in *Gadalean*, where the court concluded that there was no reasonable expectation of remuneration, here the board found that employer had invited claimant to come for the orientation and the paid training, which would have taken place immediately after the orientation. Thus, as distinct from *Gadalean*, at the time claimant arrived for the orientation, she had a reasonable expectation that she would be paid for the training. For that reason, the Supreme Court's holding in *Gadalean* does not require a change in our disposition.

Additionally, the Supreme Court's opinion in *Gadalean* does not bear on or require us to reconsider our

holding in our original opinion that, because claimant had been invited to both the orientation and the paid training and had a reasonable expectation when she came to employer's office that she would begin a paid training, claimant was a worker within the meaning of ORS 656.005(30) at the time of her injury, despite the fact that she had not completed the orientation.[2] Accordingly, we adhere to it.

      Affirmed.

---

[2] The Supreme Court explicitly stated that it did not need to address in *Gadalean* whether a person who is injured before starting services for remuneration is a "worker." *Id*. at 718 n 5.